UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE OHIO
LABORERS BENEFITS,

        Plaintiff,

    v.

ADY EXCAVATING LLC,

        Defendant.

Civil Action 2:24-cv-1069
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

Plaintiffs, Boards of Trustees of the Ohio Laborers Benefits, sue Defendant, Ady Excavating LLC, for delinquent fringe benefit contributions under the Employee Retirement Income Security Act, 29 U.S.C. § 1145, as well as liquidated damages, interest, and attorney's fees. Default was entered against Defendant after it failed to comply with the Court's order to retain counsel so that it could continue to appear before the Court. (*See* ECF Nos. 29–31.) This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 36.) For the reasons below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiffs are the fiduciaries of four Ohio employee benefit plans and one Ohio labor-management cooperative trust (the "Plans"). The Plans also collect contributions on behalf of three national labor-management cooperative trusts referred to as the LIUNA Tri-Funds. (Gaston Decl. ¶¶ 3–5, ECF No. 36-1.) Defendant is an Ohio corporation that is a signatory to the Heavy Highway Agreement and the L935 Building Agreement (the "Agreements") with the Laborers

District Council of Ohio and Laborers' Local 935 (the "Union"). (*See* Heavy Highway Agreement, ECF No. 36-2; Building Agreement, ECF No. 36-3.) The Agreements obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans and the LIUNA Tri-Funds on behalf of all persons as defined in the Agreements. (*See* Heavy Highway Agreement § 47, ECF No. 36-2, Building Agreement Article XXIV, Sections E, H, ECF No. 36-3.)

During an audit, Plaintiffs discovered that Defendant failed to make timely contributions to the Plans for some months during the period of July 2021 through February 2024. (Gaston Decl. ¶ 15, ECF No. 36-1.) The Agreements provide for assessment of liquidated damages in the amount of 10% of the late principal contributions, plus 1% interest per month on late contributions. (Heavy Highway Agreement § 47, ECF No. 36-2; Building Agreement Article XXIV, Section D, ECF No. 36-3.) Plaintiffs have calculated the amount of untimely contributions for the months between July 2021 through February 2024 to total $32,227.69 in principal, $3,862.33 in liquidated damages, plus interest in the amount of $8,371.92 through present. (Gaston Decl. ¶¶ 17–18, ECF No. 36-1.)

Plaintiffs commenced this action on March 6, 2024, to recover Defendant's delinquent contributions. After initially participating in the litigation, Defendant ceased its participation after the death of its counsel. As corporate entities cannot proceed before the Court without licensed counsel, the Court ordered Defendant to retain new counsel by April 23, 2025. (ECF No. 28.) When Defendant failed to do so, default was entered against Defendant on June 6, 2025. (ECF No. 31.) Plaintiffs now move for default judgment against Defendant. (ECF No. 36.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown

by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by computation, plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at * 2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). In considering a motion for default judgment, all "factual allegations of the complaint, except those related to the amount of damages, will be taken as true." *Harris v. Cooley,* No. 1:17-CV-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). "But default judgments do not establish damages." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). "Thus, 'a default admits only the defendant's liability' but 'the amount of damages must be proved.'" *Id.* (quoting *Antione v. Atlas Tucker, Inc.* 66 F.3d 105, 111 (6th Cir. 1995)). Under Federal Rule of Civil Procedure 55, if the amount of damages is unclear, "the court may conduct hearings or make referrals" in order to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

### III.   ANALYSIS

Plaintiffs have not demonstrated, at least in part, that judgment in their favor is warranted or the appropriate amount of damages. First, to the extent that Plaintiffs rely on the Heavy Highway Agreement for any portion of the judgment, Plaintiffs have not submitted a copy of the relevant contract. The Heavy Highway Agreement attached to Plaintiffs' Motion is effective May 1, 2025, through April 30, 2028. (*See* ECF No. 36-2.) Yet the period for which Plaintiffs claim unpaid contributions is July 2021 through February 2024. Plaintiffs have therefore failed to submit a copy of the Heavy Highway Agreement that was in effect for the relevant period and

have not demonstrated that the Heavy Highway Agreement obligated Defendant to pay anything during that period.

Second, even if the provisions of the Heavy Highway Agreement for the relevant period are materially identical to those in the 2025–2028 Agreement, Plaintiffs' interest calculations do not appear to match the provisions of the Heavy Highway or Building Agreements. Both Agreements provide for interest in the amount of 1% of the unpaid contribution per month until the delinquency is paid. (Heavy Highway Agreement § 47, ECF No. 36-2; Building Agreement Article XXIV, Section D, ECF No. 36-3.) For instance, for the month of September 2021, Plaintiffs' audit reflects unpaid principal contributions of $1,129.28. (Gaston Decl. ¶ 18, ECF No. 36-1.) This means that $1,129.28 in principal was due October 15, 2025. (Heavy Highway Agreement § 47, ECF No. 36-2; Building Agreement Article XXIV, Section D, ECF No. 36-3.) Because Plaintiffs' Motion for Default Judgment was filed on September 22, 2025, the $1,129.28 principal payment was 47 months late at the time the Motion was filed. Accordingly, the accrued interest on the September 2021 principal was $1,129.28 x 1% x 47 = $530.76. Yet Plaintiff's table indicates the interest on this principal is $655.10. Similar discrepancies exist for all other months, such that the total amount of interest calculated by the Court is $1,085.12 less than that calculated by Plaintiffs.

Third, for the month of July 2023, Plaintiffs' table indicate that the $2,139.10 principal was paid on January 11, 2024, making that payment 4 months late. (Gaston Decl. ¶ 18, ECF No. 36-1.) Yet Plaintiffs also appear to charge interest on this principal amount through the present, seeking $576.70 in interest on this principal amount, versus the $85.56 in interest calculated by the Court.

4

Finally, Brian Gaston—the declarant who purports to authenticate Plaintiffs' damages calculations—avers only that "I have caused an employee under my supervision to calculate the amount of untimely contributions . . . ." (Gaston Decl. ¶ 17, ECF No. 36-1.) This means that Plaintiffs' damages amounts have not been authenticated by anyone with personal knowledge of their calculation; nor can Mr. Gaston explain any discrepancies in those calculations.

The Court is unable to enter judgment in Plaintiffs' favor on this record. Accordingly, Plaintiffs' Motion for Default Judgment is denied without prejudice to renewal with proper supporting documentation, authenticated by one or more appropriate persons. For clarity, the copy of the Building Agreement attached to Plaintiffs' current motion *does* pertain to the relevant time period, and the Court finds no deficiency in Plaintiffs' asserted principal or liquidated damages amounts as set forth in Mr. Gaston's declaration. It is only with respect to the Heavy Highway Agreement and Plaintiffs' interest calculations that the Court has questions.

## IV.     DISPOSITION

For these reasons, Plaintiffs' Motion for Default Judgment (ECF No. 36) is **DENIED WITHOUT PREJUDICE**. If Plaintiffs wish to renew their Motion, they must do so **WITHIN 30 DAYS** of the date of this Opinion and Order.

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE