UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE OHIO
LABORERS BENEFITS,

   Plaintiff,

  v.

            Civil Action 2:24-cv-1069
            Magistrate Judge Chelsey M. Vascura

ADY EXCAVATING LLC,

   Defendant.

## OPINION AND ORDER

Plaintiffs, Boards of Trustees of the Ohio Laborers Benefits, sue Defendant, Ady Excavating LLC, for delinquent fringe benefit contributions under the Employee Retirement Income Security Act, 29 U.S.C. § 1145, as well as liquidated damages, interest, and attorney's fees. Default was entered against Defendant after it failed to comply with the Court's order to retain counsel so that it could continue to appear before the Court. (*See* ECF Nos. 29–31.) This matter is before the Court on Plaintiffs' renewed Motion for Default Judgment. (ECF No. 40.) For the reasons below, Plaintiffs' Motion is **GRANTED IN PART and DENIED IN PART**.

### I. BACKGROUND

Plaintiffs are the fiduciaries of four Ohio employee benefit plans and one Ohio labor-management cooperative trust (the "Plans"). The Plans also collect contributions on behalf of three national labor-management cooperative trusts referred to as the LIUNA Tri-Funds. (Gaston Decl. ¶¶ 3–5, ECF No. 40-1.) Defendant is an Ohio corporation that is a signatory to the Heavy Highway Agreement and the L935 Building Agreement (the "Agreements") with the Laborers

District Council of Ohio and Laborers' Local 935 (the "Union"). (*See* Heavy Highway Agreement, ECF Nos. 36-2, 40-2, 40-3, 40-6; Building Agreement, ECF No. 36-3.) The Agreements obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans and the LIUNA Tri-Funds on behalf of all persons as defined in the Agreements. (*See* Heavy Highway Agreement § 47, ECF Nos. 36-2, 40-2, 40-3, Building Agreement Article XXIV, Sections E, H, ECF No. 36-3.)

During an audit, Plaintiffs discovered that Defendant failed to make timely contributions to the Plans for some months during the period of July 2021 through February 2024. (Gaston Decl. ¶ 14, ECF No. 40-1.) The Agreements provide for assessment of liquidated damages in the amount of 10% of the late principal contributions, plus 1% interest per month on late contributions. (Heavy Highway Agreement § 47, ECF Nos. 36-2, 40-2, 40-3; Building Agreement Article XXIV, Section D, ECF No. 36-3.) Plaintiffs have calculated the amount of untimely contributions for the months between July 2021 through February 2024 to total $30,088.59 in principal, $3,324.13 in liquidated damages, plus interest in the amount of $8,643.41 through present. (Wilson Decl. ¶¶ 4–5, ECF No. 40-7.)

Plaintiffs commenced this action on March 6, 2024, to recover Defendant's delinquent contributions under the Agreements and pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1145. After initially participating in the litigation, Defendant ceased its participation after the death of its counsel. As corporate entities cannot proceed before the Court without licensed counsel, the Court ordered Defendant to retain new counsel by April 23, 2025. (ECF No. 28.) When Defendant failed to do so, default was entered against Defendant on June 6, 2025. (ECF No. 31.) Plaintiffs moved for default judgment against Defendant on September 22, 2025, but the Court denied the motion without prejudice after finding that some of Plaintiffs'

claims for damages were not properly supported. (ECF Nos. 36–37.) Plaintiffs now renew their motion for default judgment with additional exhibits and declarations. (ECF No. 40.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at * 2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). In considering a motion for default judgment, all "factual allegations of the complaint, except those related to the amount of damages, will be taken as true." *Harris v. Cooley,* No. 1:17-CV-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). "But default judgments do not establish damages." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). "Thus, 'a default admits only the defendant's liability' but 'the amount of damages must be proved.'" *Id.* (quoting *Antione v. Atlas Tucker, Inc.* 66 F.3d 105, 111 (6th Cir. 1995)). Under Federal Rule of Civil Procedure 55, if the amount of damages is unclear, "the court may conduct hearings or make referrals" in order to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

## III. ANALYSIS

Plaintiffs' allegations concerning Defendant's contractual obligation to make contributions (including liquidated damages and interest on delinquent contributions) to the

Plans, which are unchallenged as a result of Defendant's default, establish Defendant's liability for breach of the Agreements. The Court also finds that Plaintiffs are entitled to an award of the unpaid contributions, liquidated damages, interest, attorney's fees, and costs under the Employee Retirement Income Security Act, 29, U.S.C. § 1332(g)(2)(D) (providing for these awards when "judgment in favor of the plan is awarded" in an action under 29 U.S.C. § 1145 to recover delinquent employer contributions).

As to the amount of the award, Plaintiffs have remedied some, but not all, of the deficiencies the Court identified in its October 28, 2025 Opinion and Order (ECF No. 37). Namely, Plaintiffs have now attached (excerpts of) the Heavy Highway Agreement for the relevant period of 2021 through 2024, have corrected a mistake as to the principal and interest owing for the month of July 2023, and have included a declaration from the individual who calculated the outstanding amounts. Plaintiffs' explanation as to their interest calculations, however, fails to provide grounds for an award of interest in the amount claimed.

In its previous Opinion and Order, the Court pointed out a discrepancy in Plaintiffs' interest calculations:

> Plaintiffs' interest calculations do not appear to match the provisions of the Heavy Highway or Building Agreements. Both Agreements provide for interest in the amount of 1% of the unpaid contribution per month until the delinquency is paid. (Heavy Highway Agreement § 47, ECF No. 36-2; Building Agreement Article XXIV, Section D, ECF No. 36-3.) For instance, for the month of September 2021, Plaintiffs' audit reflects unpaid principal contributions of $1,129.28. (Gaston Decl. ¶ 18, ECF No. 36-1.) This means that $1,129.28 in principal was due October 15, 2025. (Heavy Highway Agreement § 47, ECF No. 36-2; Building Agreement Article XXIV, Section D, ECF No. 36-3.) Because Plaintiffs' Motion for Default Judgment was filed on September 22, 2025, the $1,129.28 principal payment was 47 months late at the time the Motion was filed. Accordingly, the accrued interest on the September 2021 principal was $1,129.28 x 1% x 47 = $530.76. Yet Plaintiff's table indicates the interest on this principal is $655.10. Similar discrepancies exist for all other months, such that the total amount of interest calculated by the Court is $1,085.12 less than that calculated by Plaintiffs.

(Oct. 28, 2025 Op. & Order 4, ECF No. 37.) In response, Plaintiffs explain that the difference is accounted for by Plaintiffs' practice of compounding the outstanding interest monthly. (*See* Wilson Decl. ¶ 7, ECF No. 40-7.) The problem with this explanation is that none of the plan documents provide for compound interest. The only citation Plaintiffs provide is to the Plans' "Late Charge Calculation Rules and Regulations" (ECF No. 40-8), which does provide for interest to be compounded monthly, but which was adopted only in November 2025—well after the relevant period of delinquent contributions in 2021 through 2024. Plaintiffs have therefore not established that they are entitled to compound interest, and the Court awards only simple interest as provided in the Agreements.

In addition, it appears that Plaintiffs are seeking an additional $1,332.50 in attorney's fees and $55.23 in costs that accrued after Plaintiffs filed their original motion for default judgment on September 22, 2025. But as far as the Court can discern, the only additional work by Plaintiffs' counsel since that time would have been related to renewing Plaintiffs' motion for default judgment. And if Plaintiffs had properly supported their original motion for default judgment, the renewed motion would have been unnecessary. These additional fees and costs are therefore disallowed as they cannot be attributed to Defendants' breach of the Agreements.

Otherwise, the Court finds Plaintiffs' renewed Motion for Default Judgment well taken. The Court accepts Plaintiffs' calculations of principal ($30,088.59), liquidated damages ($3,324.13), and interest except as noted above ($8.643.42 compound interest, reduced to simple interest in the amount of $7,888.58). The court further finds the amount of requested attorney's fees ($8,838.78 for 47.7 hours of attorney and paralegal work) and costs ($645.37) for the period through the original Motion for Default Judgment to be reasonable.

## IV. DISPOSITION

For these reasons, Plaintiffs' renewed Motion for Default Judgment is **GRANTED IN PART and DENIED IN PART**. Defendant is **ORDERED** to pay Plaintiffs the following amounts:

| | |
|---|---:|
| Principal | $30,088.59 |
| Liquidated Damages | $3,324.13 |
| Interest | $7,888.58 |
| Attorney's Fees | $8,838.78 |
| Costs | $645.37 |
| **Total** | **$50,785.45** |

The Clerk is **DIRECTED** to enter judgment in Plaintiffs' favor and close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE